IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARIAN RAY, | : |
| | : Case No. _____ |
| Plaintiff, | : |
| | : JURY TRIAL DEMANDED |
| v. | : |
| | : **COMPLAINT FOR VIOLATION OF THE** |
| SPORTSMAN'S WAREHOUSE | : **SECURITIES EXCHANGE ACT OF 1934** |
| HOLDINGS, INC., JON BARKER, | : |
| MARTHA BEJAR, PHILIP C. | : |
| WILLIAMSON, CHRISTOPHER | : |
| EASTLAND, GREGORY P. HICKEY, | : |
| RICHARD MCBEE, and JOSEPH P. | : |
| SCHNEIDER, | : |
| | : |
| Defendants. | : |

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges the following upon personal knowledge with respect to himself, and upon information and belief based upon the investigation of counsel as to all other allegations herein:

**NATURE OF ACTION**

1. On December 21, 2020, Sportsman's Warehouse Holdings, Inc. ("Sportsman's Warehouse" or the "Company") entered into an agreement (the "Merger Agreement") to be acquired by Great Outdoors Group, LLC ("Parent") and Phoenix Merger Sub I, Inc. ("Merger Sub") (together, "Great Outdoors") (the "Proposed Merger").

2. Under the terms of the Merger Agreement, Sportsman's Warehouse's stockholders will receive $18.00 per share.

3. On February 16, 2021, defendants filed a proxy statement (the "Proxy") with the U.S. Securities and Exchange Commission (the "SEC").

4. As alleged herein, the Proxy fails to disclose material information regarding the Proposed Merger, and defendants violated Sections 14(a) and 20(a) of the Securities Exchange

Act of 1934 (the "Exchange Act").

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the Exchange Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## THE PARTIES

8. Plaintiff is and has been continuously throughout all relevant times the owner of Sportsman's Warehouse common stock.

9. Defendant Sportsman's Warehouse is a Delaware corporation. Sportsman's Warehouse's common stock is traded on the NASDAQ under the ticker symbol "SPWH."

10. Defendant Jon Barker is Chief Executive Officer and a member of the Board of Directors of Sportsman's Warehouse (the "Board").

11. Defendant Martha Bejar is a member of the Board.

12. Defendant Philip C. Williamson is a member of the Board.

13. Defendant Christopher Eastland is a member of the Board.

14. Defendant Gregory P. Hickey is a member of the Board.

15. Defendant Richard McBee is a member of the Board.

16. Defendant Joseph P. Schneider is Chairman of the Board.

17. Defendants identified in ¶¶ 10-16 are referred to herein as the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

18. Sportsman's Warehouse provides outdoor enthusiasts with quality merchandise.

19. The Company is a leading outdoor specialty company based in the Western United States.

20. On December 21, 2020, Sportsman's Warehouse entered into the Merger Agreement, under which Sportsman's Warehouse's stockholders will receive $18.00 per share.

21. The press release announcing the Proposed Merger provides as follows:

In an effort to better serve its loyal customers, Sportsman's Warehouse has entered into a definitive agreement to join the Great American Outdoors Group, parent company of Bass Pro Shops, Cabela's, White River Marine Group and a collection of nature-based resorts. The Great American Outdoors Group will remain a private company with a long-term view to do what is best for its customers, team members and conservation initiatives. As part of the agreement, Sportsman's Warehouse will be acquired for $18.00 per share in cash.

The driving force behind the partnership is the two companies' similar histories and highly complementary business philosophies and geographic footprints. Both entities share a passion with their customers for fishing, camping, hunting, boating and other outdoor activities. Likewise, both are highly acclaimed retailers with well-deserved reputations for a broad offering of outstanding brand name and proprietary products, superior customer service, deeply knowledgeable team members and an unwavering passion for conservation. Uniting together represents an unprecedented "win-win" opportunity for outdoor enthusiasts. []

Transaction Overview

The merger agreement was unanimously approved by Sportsman's Warehouse's Board of Directors. The transaction, which is expected to close in the second half of 2021, will be completed through a cash merger and is subject to approval by Sportsman's Warehouse's shareholders, as well as regulatory approvals and other customary closing conditions. The transaction is not subject to any financing condition. The entities will continue to operate independently until the transaction closes.

J.P. Morgan Securities LLC served as lead financial advisor; Moelis & Company served as an additional financial advisor to the Great American Outdoors Group and King & Spalding LLP served as the Great American Outdoors Group legal counsel, with expert assistance from Debevoise & Plimpton LLP. Baird served as exclusive financial advisor to Sportsman's Warehouse. O'Melveny & Myers served as legal counsel to Sportsman's Warehouse.

22. On February 16, 2021, defendants filed the Proxy, which fails to disclose material information regarding the Proposed Merger.

Financial Analyses

23. The Proxy fails to disclose material information regarding the financial analyses performed by Robert W. Baird & Co. Incorporated ("Baird"), the Company's financial advisor. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion and the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

24. The Proxy fails to disclose the following regarding Baird's Transaction Analysis: (i) the total values of the transactions; and (ii) the closing dates of the transactions.

25. The Proxy fails to disclose the following regarding Baird's Discounted Cash Flow Analysis: (i) the inputs and assumptions underlying the discount rates ranging from 8.75% to 11.75%; (ii) the basis for assuming terminal values ranging from 7.0x to 8.5x; (iii) the terminal values; (iv) the number of fully diluted outstanding shares; and (v) the unlevered free cash flows used in the analysis and the line items used to calculate unlevered free cash flow.

26. The Proxy fails to disclose the following regarding Baird's Transaction Premiums Paid Analysis: (i) the transactions observed in the analysis; and (ii) the premiums paid in the transactions.

Potential Conflicts of Interest

27.     The Proxy fails to disclose material information regarding potential conflicts of interest of Baird and the Company's officers and directors.

28.     The Proxy fails to disclose the amount of Baird's fee that is contingent upon the closing of the Proposed Merger.

29.     The Proxy also fails to disclose whether any of Great Outdoors' proposals or indications of interest mentioned management retention, consulting arrangements, or equity participation for the Company's officers and/or directors in the combined company.

30.     If disclosed, the omitted information would significantly alter the total mix of information available to Sportsman's Warehouse's stockholders.

## COUNT I

**Claim Against the Individual Defendants and Sportsman's Warehouse for Violation of Section 14(a) of the Exchange Act and Rule 14a-9**

31.     Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

32.     The Individual Defendants disseminated the false and misleading Proxy, which contained statements that, in violation of Section 14(a) of the Exchange Act and Rule 14a-9, in light of the circumstances under which they were made, failed to state material facts necessary to make the statements therein not materially false or misleading.

33.     Sportsman's Warehouse is liable as the issuer of these statements.

34.     The Proxy was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy.

35. The Individual Defendants were at least negligent in filing the Proxy with these materially false and misleading statements.

36. The omissions and false and misleading statements in the Proxy are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Merger.

37. A reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy and in other information reasonably available to stockholders.

38. The Proxy is an essential link in causing plaintiff to approve the Proposed Merger.

39. Accordingly, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

40. Plaintiff is threatened with irreparable harm.

## COUNT II

**Claim Against the Individual Defendants for Violation of Section 20(a) of the Exchange Act**

41. Plaintiff repeats and realleges the above-referenced allegations as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of Sportsman's Warehouse within the meaning of Section 20(a) of the Exchange Act as alleged herein.

43. Due to their positions as officers and/or directors of Sportsman's Warehouse and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

44. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

45. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.

46. The Proxy contains the unanimous recommendation of the Individual Defendants to approve the Proposed Merger. They were thus directly involved in the making of the Proxy.

47. Accordingly, the Individual Defendants violated Section 20(a) of the Exchange Act.

48. The Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.

49. These defendants are liable pursuant to Section 20(a) of the Exchange Act.

50. Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief against defendants as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from consummating the Proposed Merger;

B. In the event defendants consummate the Proposed Merger, rescinding it and setting it aside or awarding rescissory damages;

C.	Directing the Individual Defendants to disseminate a Proxy that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.	Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as Rule 14a-9 promulgated thereunder;

E.	Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.	Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:  March 1, 2021

**GRABAR LAW OFFICE**

By: *[signature]*
Joshua H. Grabar (#82525)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
267-507-6085
jgrabar@grabarlaw.com

*Counsel for Plaintiff*